# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DILLON MATHEW VOEGELE,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:24cv220-WS-MAF**

**RICKY DIXON,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is a state prisoner currently housed at Liberty Correctional Institution. He initiated this case on May 20, 2024, by submitting a handwritten document to this Court, entitled as "Opening of Criminal Investigative Complaint Against Florida Department of Corrections Administrative Staff." ECF No. 1. Because Plaintiff complained about the conditions of his confinement in the Department's custody and actions of the Secretary, the pleading was liberally construed as a civil rights complaint.

An Order was entered on May 22, 2024, ECF No. 1, directing Plaintiff to either pay the Court's $405.00 filing fee or file an in forma pauperis

motion by June 24, 2024. ECF No. 3. In addition, because Plaintiff's complaint was not submitted on the court form as required by Local Rule 5.7, he was required to file an amended complaint by the same deadline. *Id.*

Plaintiff has not complied with that Order. Instead, Plaintiff filed a "petition for hearing before dismissal." ECF No. 4. He contends that his complaint was misconstrued by the Court. *Id.* at 1. Plaintiff explains that he "filed a complaint to the United States Marshal Service in 2021," but was informed they "could not investigate," allegedly because there was no case number. *Id.* at 1. Thus, his motion makes clear that he filed this case "as an investigative complaint so the United States Marshal Service can investigate the topics in the complaint." *Id.*

This civil case cannot be used as a basis for Plaintiff to seek to enlist the United States Marshals Service to investigate the Florida Department of Corrections. The powers and duties of the Marshals Service are set forth in 28 U.S.C. § 566; those powers do not include conducting private investigations based on the requests of citizens. Because this case cannot accomplish that which Plaintiff desires, it should be dismissed.

Moreover, as noted above, Plaintiff was required to file an amended complaint and either pay the filing fee or submit an in forma pauperis motion. ECF No. 3. He was advised that if he did not comply with that Order, a recommendation would be entered to dismiss this case. *Id.* Because Plaintiff has not complied with that Order, and because Plaintiff is attempting to use this case to improperly have the Marshals Service conduct an investigation, this case should be dismissed without prejudice. There is no need to have a hearing before dismissal, and Plaintiff's motion requesting a hearing, ECF No. 4, should be denied.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. It is within this Court's discretion and "inherent authority" to dismiss a case for failing

Case No. 4:24cv220-WS-MAF

to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  Here, Plaintiff was forewarned and did not comply with a Court Order.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order and that Plaintiff's motion for a hearing, ECF No. 4, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.